## STATE OF OREGON,
*Respondent,*

*v.*

## JANELLE RAE MECHLER,
*Appellant.*

(95-1156; CA A97840)

969 P2d 1043

Diane L. Alessi, Deputy Public Defender, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender.

Christine Ann Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before De Muniz, Presiding Judge, and Haselton and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Defendant appeals a conviction of unlawfully obtaining public assistance, ORS 411.630, and makes two assignments of error. Defendant first assigns error to the trial court's denial of her motion for mistrial based on prosecutorial misconduct. She also assigns error to the trial court's instruction to the jury on a matter that was not a material issue at trial. We affirm.

In January 1993, defendant applied to Adult and Family Services Division (AFS) for public assistance and was approved for benefits. Defendant worked part time and, from February through June 1993, she received two paychecks per month. However, she reported only one paycheck per month. Due to this underreporting, AFS determined that it had overpaid defendant $1,769 in benefits. At trial, defendant testified that she was confused by the monthly reporting forms and, by mistake, filled them out incorrectly. Defense counsel pointed out ambiguities in the forms and vigorously cross-examined the state's witnesses, challenging their credibility by questioning whether they had been coached by the prosecutor. At times, the cross-examination became heated with the prosecutor repeatedly objecting. The trial court admonished both attorneys several times to keep the proceedings focused. Defendant was the only witness in her defense. At the close of direct examination, defense counsel asked defendant if she had "ever been in this kind of trouble with anybody before." Defendant answered, "No." The prosecutor objected on relevancy grounds, and the trial court sustained the objection. There was no evidence at trial that any witness had a prior criminal record.

During closing argument, defense counsel attacked the credibility of a key state witness and the prosecutor:

> "You heard [the state's witness's] ego get in the way of admitting the truth. She didn't notice [defendant's initial reporting of the number of times she was paid per month or her monthly reporting of pay rate and hours worked each month,] and the fact is she got coached in the hallway about what the facts were so she could learn to say the right answers in court to make herself look better. The fact is she didn't look at it."

The prosecutor addressed these remarks throughout the state's rebuttal and closed by stating:

> "[According to defendant] you can't believe the state's witnesses in this case.
>
> "* * * * *
>
> "I'm not gonna talk about whether [the state's witness] and I talked the case over. Members of the jury, if you think I'm crooked, let her go."

Defendant moved for a mistrial based on the prosecutor's remarks, and the trial court denied the motion. The trial court instructed the jury to "[b]ase your verdict on the evidence and these instructions. The attorneys' statements and arguments are not evidence." The jury instructions also included Uniform Criminal Jury Instruction (UCJI) No. 1004, which states that, in evaluating each witness's testimony, the jury may consider evidence that the witness had been convicted of a previous crime. However, the trial court prefaced UCJI No. 1004 by saying:

> "Keep in mind that a judge is required by law to give certain instructions in every criminal case. When I have sustained objections to evidence or ordered that evidence be stricken or excluded from your consideration, you must follow those rulings. Do not consider such matters during your deliberations."

The trial court also instructed the jury to "not decide this case on guesswork, conjecture or speculation." Defense counsel objected:

> "I would except to the court's instruction on the witness instruction, UCJI No. 1004. The court instructed on paragraphs five and six, I believe, and there was no evidence on that issue. In fact, when I offered evidence of her lack of criminal record, [to] which the court sustained counsel's objection, and with that confusion on that issue in front of the jury and then with the court instructing the jury on the same issue, on the criminal conviction, I think it is prejudicial error to instruct them in that manner at this point in time."

Defendant then renewed her motion for mistrial on the ground that the prosecutor expressed his opinion of the

case to the jury and asked the jury to weigh his credibility. The trial court denied the motion, explaining that the prejudice, if any, was "fairly innocuous" given the court's instruction that the attorneys' statements and arguments are not evidence.

■■ In her first assignment of error, defendant argues that the prosecutor's invitation to weigh his own credibility was grounds for a mistrial. The state contends that the rebuttal was a fair comment on defense counsel's argument to the jury and that it was defendant who initially put the prosecutor's credibility at issue. We review a trial court's denial of a motion for mistrial for abuse of discretion. *State v. Farrar,* 309 Or 132, 164, 786 P2d 161, *cert den* 498 US 879 (1990). The trial court was in the best position to assess and rectify any prejudice. *Id.* Here, the court could reasonably conclude that the prosecutor's remarks were "fairly innocuous" and that any prejudice caused by the remarks did not outweigh the court's instructions not to consider the attorneys' arguments as evidence. Considering the statement in the context of the whole trial, the trial court did not abuse its discretion in denying the motion for mistrial.

In the second assignment of error, defendant argues that, because of the earlier exchange concerning defendant's prior convictions, it was reversible error for the court to instruct the jurors that they could consider prior convictions of the witnesses in assessing their testimony. Defendant argues that the instruction was irrelevant and confusing and led to unwarranted speculation about defendant's record.

■ The trial court's instruction concerning prior criminal convictions, although a proper statement of the law, was not relevant given the evidence admitted at trial, and the state concedes that the instruction was not required because no witness had a prior conviction. The mere fact that an instruction is abstract, however, does not warrant reversal. *State v. Gwyther,* 4 Or App 473, 475, 479 P2d 248 (1971). We will not reverse the trial court unless the instruction may have misled the jury and affected the substantial rights of defendant. *State v. Harper,* 132 Or App 29, 33, 888 P2d 19 (1994), *rev den* 322 Or 193 (1995). Substantial rights of a defendant are not affected where there is "little likelihood

that the error affected the verdict." *State v. Hansen,* 304 Or 169, 180, 743 P2d 157 (1987).

■     Here, evidence concerning defendant's lack of a criminal record was offered but not admitted. Defendant contends that the jury instruction fueled speculation about a prior criminal record because the trial court's evidentiary ruling left the jury with the impression that there was something about defendant's criminal record they were not allowed to hear and because no other witnesses were shown to have a criminal record. However, we hold that the instruction was not sufficiently prejudicial to merit reversal in light of the instructions as a whole.

The trial court instructed the jury not to decide the case on speculation and cautioned it not to consider evidence stricken from the record or excluded at trial. That instruction should have curtailed jury speculation about offered but not received evidence. The trial court also minimized the threat of speculation arising from the challenged instruction by explaining to the jury that the court was required to give certain standard instructions and that the jury must reach its conclusions based on the admitted evidence. That explanation gave the jury notice that it was required to assess the importance of instructions in their relation to the admitted evidence. We conclude that there is little likelihood that the challenged instruction misled the jury.

Neither assignment of error, considered individually or cumulatively, requires reversal.

Affirmed.