Submitted January 15, affirmed November 14, 2019

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOSEPH VALENTINO LONGORIA,
aka Joseph V. Longoria,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CR31152; A164245

454 P3d 813

Defendant appeals a judgment of conviction for first-degree robbery, ORS 164.415, and second-degree assault, ORS 163.175. He challenges the convictions based on an allegedly erroneous jury instruction. Specifically, defendant argues that it was error to instruct the jury on the provocation limitation on self-defense, because there was no evidence that defendant provoked the victim to use physical force so that defendant could justify responding with physical force. The state concedes the error but argues that it was harmless. *Held*: The trial court erred in giving the provocation instruction, as there was no evidence to support that instruction. However, the error was harmless in that, on this record, there is little likelihood that it affected the verdict.

Affirmed.

John A. Wittmayer, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Shawn Wiley, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the briefs for respondent.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Defendant appeals a judgment of conviction for one count of first-degree robbery, ORS 164.415, and one count of second-degree assault, ORS 163.175. He assigns error to the trial court's instruction to the jury on the provocation limitation on self-defense. The state concedes the error but argues that it was harmless. Because we agree with the state, we affirm.[1]

We take the facts from the trial record, noting discrepancies between the parties' versions of events where those discrepancies are significant to our review. *See State v. Pine*, 336 Or 194, 196, 82 P3d 130 (2003).

Defendant stole a hat from a convenience store. The store owner saw the theft and confronted defendant outside the store. A physical altercation ensued, during which defendant stabbed the owner in the leg with a knife. Defendant was charged with robbery and assault. At trial, defendant admitted to stabbing the owner in the leg but argued that he was not guilty of either charged offense because he acted in self-defense. According to defendant, the owner grabbed and punched him from behind, and defendant used the knife to defend himself but only intended to slash the owner's pants. The owner disputed defendant's account and identified defendant as the initial aggressor.

Given the defense theory, the parties agreed that the trial court should give the jury the uniform instruction on self-defense, Uniform Criminal Jury Instruction 1107, which is based on ORS 161.209, the statute recognizing self-defense as a defense. *See* ORS 161.209 ("Except as provided in ORS 161.215 and 161.219, a person is justified in using physical force upon another person for self-defense *** from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."). The state requested that the court also give Uniform Criminal

_____

[1] We reject without discussion defendant's three supplemental assignments of error, which relate to the trial court instructing the jury that it could return a nonunanimous verdict and then accepting nonunanimous verdicts on both counts.

Jury Instructions 1109 and 1110, regarding the provocation and initial-aggressor limitations on self-defense. *See* ORS 161.215(1) ("Notwithstanding ORS 161.209, a person is not justified in using physical force upon another person if[, w]ith intent to cause physical injury or death to another person, the person provokes the use of unlawful physical force by that person[.]"); ORS 161.215(2) ("Notwithstanding ORS 161.209, a person is not justified in using physical force upon another person if [t]he person is the initial aggressor," with one exception.). Defendant opposed giving instructions 1109 and 1110.

After hearing argument, the court ruled that it would give all three instructions and, accordingly, instructed the jury as follows regarding self-defense:

> "The defense of self-defense has been raised. A person is justified in using physical force on another person to defend himself from what he reasonably believes to be the imminent use of unlawful physical force. In defending, a person may only use that degree of force that he reasonably believes to be necessary.

> "The burden of proof is on the State to prove beyond a reasonable doubt that the defense does not apply.

> "*The defendant is not justified in using physical force on another person if he provoked the use of unlawful physical force by that other person with the intent to cause physical injury or death to the other person.*

> "Ordinarily a person is not justified in using physical force on another person if he was the initial aggressor. However, defendant's use of physical force may be justified even though he was the initial aggressor if you find that he withdrew from the encounter and effectively communicated to the other person an intent to withdraw from the encounter but the other person nevertheless continued or threatened to continue the use of unlawful physical force on the defendant."

(Emphasis added.)[2]

---

[2] The trial court's written instructions were identical to the uniform instructions. Its oral instructions (quoted above) were worded slightly differently, as it acknowledged to the parties after giving them, and no one takes issue with that slight difference on appeal.

The jury found defendant guilty of both charges. On appeal of the resulting judgment of conviction, defendant challenges the trial court's giving of the provocation instruction, *i.e.*, the italicized portion of the instructions quoted above.[3] In response, the state concedes that the trial court erred in giving the instruction but argues that the error was harmless and therefore does not permit reversal.

We review jury instructions for errors of law. *State v. Bistrika*, 262 Or App 385, 406, 324 P3d 584, *rev den*, 356 Or 397 (2014). One form of instructional error is when a court gives an instruction that correctly states the law but "there is no evidence in the record to support giving the instruction." *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 348, 353 P3d 563 (2015). Defendant alleges that type of error.

With respect to the legal correctness of the instruction, defendant argues—and the state now agrees—that the provocation limitation on self-defense applies when a person provokes another person to use physical force so as to justify responding with physical force. For example, if A taunts B with the intent of getting B to swing at A, so that A can punch B and claim self-defense, the provocation limitation would apply. However, defendant and the state agree, the limitation does not apply when a person does something "provocative" without that specific intent. For example, if A taunts B simply to be mean, and B then swings at A, who in turn punches B, one might say that B "provoked" A in a colloquial sense, but the provocation limitation on self-defense described in ORS 161.215(1) would not apply.

We agree with the parties' construction of ORS 161.215(1), as it is consistent with the statute's text, context, and legislative history. *See State v. Clemente-Perez*, 357 Or 745, 753, 359 P3d 232 (2015) (referring to "our familiar interpretive methodology"). ORS 161.215(1) states that "a person is not justified in using physical force upon another person if[, w]ith intent to cause physical injury or death to another person, the person provokes the use of unlawful

---

[3] Defendant never explained to the trial court his objection to the initial-aggressor instruction and, on appeal, does not challenge the giving of that instruction.

physical force by that person." According to the Criminal Law Revision Commission's commentary on what would become ORS 161.215(1), that language "prohibits a person from provoking another into using force and later claiming that he employed physical force in self-defense." Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report § 24, 23 (July 1970); *see also State v. Sparks*, 267 Or App 181, 199, 340 P3d 688 (2014), *rev den*, 357 Or 325 (2015) (discussing the Criminal Law Revision Commission's commentary on another criminal statute as persuasive evidence of the legislative intent). Nothing in the context of the statute, or the legislative history of which we are aware, suggests a different meaning than the plain text and that commentary.

The instruction that the trial court gave therefore was legally correct. It tracked the substantive language of the statute and, as such, informed the jury that, to the extent that the store owner was the initial physical aggressor, defendant could not rely on the defense of self-defense if defendant had "provoked the use of unlawful physical force by [the store owner] with the intent to cause physical injury or death to the [store owner]."[4]

The next question is whether the trial court erred in giving the instruction, because there was no evidence to support it. Again, defendant and the state agree, as do we. No evidence presented at trial would have allowed the jury to find that defendant stole the hat (or did anything else) with the intent of provoking the store owner to physically assault him, so that he could then injure or kill the store owner. Therefore, having reviewed the record, we accept the state's concession on that point.

---

[4] We recognize that, although the trial court gave a legally correct instruction to the jury, the court itself—and the prosecutor—appear to have misunderstood the provocation limitation while discussing jury instructions outside the jury's presence. For example, when defense counsel argued to the court that the limitation would apply only if defendant stole the hat to provoke physical aggression by the store owner, the trial court disagreed, stating, "It's not because he stole the hat. It's because the jury might believe he initiated the physical confrontation." But any mistaken conflation of the provocation and initial-aggressor limitations did not affect the actual instruction that the court gave, and defendant does not contend that it did.

Even when an erroneous instruction is given, however, we will reverse only if the error substantially affected a party's rights. *Montara Owners Assn.*, 357 Or at 345. In this context, defendant's rights were substantially affected if the erroneous instruction "permit[ted] the jury to reach a legally erroneous result." *Bistrika*, 262 Or App at 406. In making that determination, "we look not only to the other instructions given, but also to the contentions of the parties at trial." *Id.* "Generally, little likelihood is not enough, but more—that is some or a significant likelihood that the error influenced the result—will suffice for reversal." *Montara Owners Assn.*, 357 Or at 351 (internal quotation marks omitted); *see also State v. Mechler*, 157 Or App 161, 165-66, 969 P2d 1043 (1998) ("Substantial rights of a defendant are not affected when there is little likelihood that the error affected the verdict." (Internal quotation marks omitted.)). If "we can fairly say that the instruction probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case," then reversal is necessary. *Bistrika*, 262 Or App at 406 (internal quotation marks and brackets omitted).

The state contends that giving the provocation instruction was harmless in this case, because the jury found defendant guilty of first-degree robbery and therefore necessarily rejected defendant's version of the facts. The state's theory of the case was that defendant stole the hat and, when the store owner confronted him verbally, stabbed the store owner to retain the hat. Alternatively, the state argued, even if the store owner was the initial physical aggressor, stabbing him was an unreasonable response that did not qualify as lawful self-defense. Meanwhile, defendant's theory of the case was that the store owner attacked him outside the store, at which point defendant slashed at the store owner's pants to protect himself, accidentally stabbing the store owner's leg.

To find defendant guilty of robbery, as charged in this case, the jury had to find that defendant, in the course of committing or attempting to commit theft, "use[d] or threaten[ed] the immediate use of physical force upon another person *with the intent of \*\*\* [p]reventing or overcoming resistance to the taking of the property or to retention*

*thereof immediately after the taking.*" ORS 164.395 (defining third-degree robbery) (emphasis added); ORS 164.415 (defining first-degree robbery as committing third-degree robbery under specified circumstances). Consistent with the statutory elements of the crime and the facts alleged in the indictment, the trial court instructed the jury as follows, with respect to finding defendant guilty of first-degree robbery:

> "In this case, to establish the crime of Robbery in the First Degree, the State must prove beyond a reasonable doubt the following elements: No. 1, that the act occurred on or about May 24, 2016; No. 2, that [defendant] committed or attempted to commit theft; No. 3, that [defendant], in the course of committing or attempting to commit theft, used or threatened the immediate use of physical force on another person; *No. 4, that [defendant] acted with the intent of preventing or overcoming resistance to his taking of the property or retention of the property immediately after the taking;* and No. 5, that [defendant] used a dangerous weapon or attempted to use a dangerous weapon."

(Emphasis added.)

Thus, in finding defendant guilty of robbery, the jury necessarily accepted the state's version of the facts—that defendant used physical force against the store owner with the intent of preventing or overcoming the store owner's resistance to defendant's retention of the stolen hat—and rejected defendant's version of events—that defendant used physical force against the store owner to defend himself. Given the jury's resolution of the disputed factual issue about defendant's intent when he stabbed the store owner, defendant's self-defense defense could not succeed, irrespective of any provocation issue. *See* ORS 161.209 (self-defense requires the use of physical force "for self-defense").

Defendant does not explain how, nonetheless, he was harmed by the erroneous instruction. It is defendant's burden to demonstrate that the error at issue affected a substantial right. *State v. Nguyen*, 293 Or App 492, 498, 429 P3d 410 (2018). Toward that end, defendant correctly notes that his "claim of self-defense was his entire defense," but he never addresses the implications of the jury's verdict, nor does he point to anything specific in the record to explain

his allegation of harm. Instead, defendant asserts generally that "the trial court's instruction and the state's argument implied that defendant could not prevail on his claim of self-defense because he *provoked* K into grabbing defendant"—an assertion that does not appear to be supported by the record.

The provocation instruction that the court gave was legally correct, as defendant acknowledges, and we do not see how it could have "implied" an erroneous legal conclusion on this record. This is not a situation like that in *Bistrika*. In *Bistrika*, the trial court instructed the jury on law enforcement's "community caretaking" function, but it did not instruct the jury about a limitation on that doctrine that was crucial to the case before it. 262 Or App at 406-07. Indeed, the very existence of the unacknowledged limitation was why it was erroneous to give the "community caretaking" instruction at all. *Id.* at 407. Meanwhile, the prosecutor relied significantly on the community caretaking statute in closing argument and rebuttal. *Id.* at 406-07. In those circumstances, even though the instruction given was legally correct in and of itself, we concluded that it "probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case," especially because "[t]he jury was not instructed that, contrary to the prosecutor's suggestion, the community caretaking statute does not authorize an officer to enter or remain on private property without a warrant or an exception to the warrant requirement." *Id.* at 407 (internal quotation marks and brackets omitted). In this case, by contrast, we do not see how giving the provocation instruction—which, if anything, provided an unnecessarily *complete* statement of the law—could have created a misimpression of the law in the minds of the jurors.[5]

As for defendant's assertion that the "state's argument" implied something inaccurate to the jury about the

_____

[5] We also note that, in this case, the unnecessary instruction was unlikely to have stood out in a manner prone to engender speculation about why it was included. Self-defense was unequivocally at issue, and the definition of self-defense and the limitations on self-defense are closely related. A juror might reasonably (albeit incorrectly) assume that the defense and its limitations are always read together when self-defense is raised.

provocation limitation, defendant has not identified—and we have not found in the trial transcript—any instance of the state saying something that might have encouraged the jurors to misunderstand the provocation limitation or that even suggested that the provocation limitation was at issue.

On this record, there is no reason to believe that the jury ignored the correct instruction that it received on the provocation limitation on self-defense, as well as ignored the court's instruction not to speculate, and somehow relied on the provocation instruction in a manner that had any significant likelihood of affecting the verdict. *See Montara Owners Assn.*, 357 Or at 351 ("We presume, as we ordinarily do, that the jury followed the instructions."). This case is similar to *Montara Owners Assn.* in that regard. There, the jury was given a legally correct instruction on the "economic waste doctrine," but the instruction should not have been given because there was no evidence in the record to support the application of that doctrine. *Id.* at 348, 350. After conducting a "contextual, record-based review that [took] into account what evidence the jury had before it," the court concluded that the appellant had failed to show that the erroneous instruction substantially affected its rights. *Id.* at 351-53. Instead, "[t]he record point[ed] to the conclusion that the jury followed a permissible path from evidence in the record *** , through the instructions given, to [its decision]." *Id.* at 353.

In sum, considering the disputed instruction in the context of the trial as a whole, we conclude that there is little, if any, likelihood that the error in giving the provocation instruction affected the verdict, even though it was error to give it because there was no evidence to support it. We therefore conclude that the error was harmless and, accordingly, affirm.

Affirmed.