Submitted February 9, 2021, affirmed March 16, 2022

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS GERALD McCLAIN,
*Defendant-Appellant.*

Lane County Circuit Court
19CR03061; A171757

506 P3d 1155

Debra E. Velure, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Mooney, Presiding Judge, and Lagesen, Chief Judge, and DeVore, Senior Judge.

PER CURIAM

Affirmed.

## PER CURIAM

Defendant punched a man. For that conduct, a jury convicted him of fourth-degree assault, ORS 163.160, rejecting defendant's claim of self-defense. On the state's request, and over defendant's objection, the trial court instructed the jury on the provocation limitation of self-defense contained in Uniform Criminal Jury Instruction (UCrJI) 1109: "The defendant is not justified in using physical force on another person if he provoked the use of unlawful physical force by that other person with the intent to cause physical injury or death to the other person."

On appeal, defendant assigns error to the delivery of that instruction. He contends that there was no evidence to support it, pointing out that there was no evidence that defendant provoked the victim. In response, the state does not defend the delivery of the instruction. Instead, it contends that any error was harmless on this record. In support of that argument, it points to our decision in *State v. Longoria*, 300 Or App 495, 454 P3d 813 (2019), *rev'd on other grounds*, 366 Or 549, 466 P3d 60 (2020), in which we concluded that the delivery of UCrJI 1109 under similar circumstances was erroneous but harmless. *Id*. at 499-503.

Having considered the record, we conclude that the trial court erred in delivering the instruction because there is no evidence to support it. We nonetheless conclude that the error was harmless for reasons similar to those stated in *Longoria*. The instruction correctly stated the law, so it did not mislead the jury as to the law; it simply gave an "unnecessarily *complete*" statement of the law of self-defense. *Id*. at 502 (emphasis in original). As was the case in *Longoria*, there was no evidence presented that would tend to make the jury think that the instruction applied to the facts before it; neither party's version of events involved a provocative use of force by defendant, so there is little likelihood that the jury would have perceived one, or viewed the self-defense limitation described in UCrJI 1109 as applicable. The state's version of events was, in essence, that defendant punched the victim out of the blue. Defendant's version of events was, in essence, that the victim was acting aggressively toward him and came at him. Provocation by defendant was not a

part of either narrative. In addition, the instruction played no role in either party's theory of the case, as presented to the jury in closing arguments, and the jury was not asked to apply the instruction or given any reason to think that it would apply absent a version of events involving provocation by defendant. Under those circumstances, as in *Longoria*, there is little likelihood that the trial court's delivery of the legally correct, but factually irrelevant, instruction on provocation had any likelihood of affecting the jury's rejection of defendant's claim of self-defense.

Affirmed.