No. 572 June 25, 2025 461

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CURTIS DESHAWN WELCH,
*Defendant-Appellant.*

Marion County Circuit Court
19CR30124; A178367

Daniel J. Wren, Judge.

Argued and submitted April 30, 2024.

Anne Fujita Munsey, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Patrick M. Ebbett, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Defendant appeals a judgement of conviction for two counts of first-degree manslaughter, ORS 163.118. On appeal, he raises three assignments of error. In the first and second, he argues that the trial court erred when it provided "initial aggressor" and "provocation" jury instructions in the context of self-defense because there was insufficient evidence to support those instructions. In the third, he argues that the trial court erred when it excluded permissible character evidence. For the reasons below, we affirm.

A detailed recitation of the facts would not aid the parties, the bench, or the bar. We provide a brief summary here and supplement the facts in our discussion of each assignment of error. Defendant and his brother, K, had an argument with two men, M and B. During that argument, defendant shot and killed M and B.[1] For that conduct, defendant was charged with two counts of first-degree murder. At trial, he raised self-defense and argued that he only shot M and B after they acted aggressively toward him and because he thought they were reaching for weapons. The jury convicted defendant of the lesser included crimes of first-degree manslaughter, ORS 163.118. This appeal followed.

*Jury instructions.* In his first and second assignments of error, defendant makes a combined argument and contends that the trial court erred when it gave two jury instructions.

Whether the trial court correctly instructed the jury is a question of law that we review for legal error. *State v. North*, 333 Or App 187, 190, 555 P3d 152 (2024). In so reviewing, "we view the evidence in the light most favorable to the state, as the party that requested the instruction." *Id*.

First, over defendant's objection, the trial court gave Uniform Criminal Jury Instruction (UCrJI) 1110 and instructed, in relevant part, that "a person is not justified in using physical force on another person if he was the initial aggressor."

---

[1] K's girlfriend, C, was also shot during the incident. The state charged defendant with attempted first-degree murder, and the jury acquitted him of that charge.

A person cannot be considered an initial aggressor based on their words alone. *State v. Phillips*, 313 Or App 1, 6, 493 P3d 548, *rev den*, 368 Or 788 (2021) ("[P]rovocation by mere words, if unaccompanied by any overt act of hostility will not cause a person to be an initial aggressor." (Internal quotation marks omitted.)). However, a person can be considered the initial aggressor if those words are "accompanied by circumstances clearly showing an intent on his part to provoke some kind of an affray." *State v. Doris*, 51 Or 136, 164, 94 P 44 (1908).

Viewing the evidence the light most favorable to the state—the requesting party—we conclude that the trial court did not err in giving the initial aggressor instruction. Here, the record demonstrates that defendant threatened that he was "an ex-Marine" and that he "can kill [the victims] with his bare hands." Defendant accompanied those threats with overt acts. Although the original argument was between K, M, and B, defendant armed himself with a loaded handgun and deliberately inserted himself into the conflict. The trial testimony also established that defendant was angry that M and B had gone to his apartment looking for K and that he was angry at C for telling them where he lived. Although defendant argues on appeal that he "responded to the aggressive actions of the two men with a verbal threat, but he did not engage in any physical acts of hostility," that is not the only way to view the evidence. The trial court did not err when it gave the initial aggressor instruction. *See Phillips,* 313 Or App at 7 (concluding that the trial court did not err because "there was sufficient evidence in the record to support the giving of the initial aggressor instruction").

Second, over defendant's objection, the trial court instructed the jury that "defendant is not justified in using physical force on another person if he provoked the use of unlawful physical force by that other person with the intent to cause physical injury or death to the other person." We conclude that the trial court did not err when it gave that instruction.

Although defendant argues that the evidence "indicated that he wished to avoid a physical confrontation" and

that he did not "intend to provoke physical altercation so that he could respond in self-defense," that is not the only way to view the evidence. Rather, the evidence supports a determination that defendant purposefully inserted himself into a volatile conflict and, thereafter, escalated that conflict. Although defendant relies on *State v. McClain*, 318 Or App 402, 506 P3d 1155, *rev den*, 370 Or 212 (2022), and *State v. Longoria*, 300 Or App 495, 454 P3d 813 (2019), *rev'd on other grounds*, 366 Or 549 (2020), the conduct in those cases is readily distinguishable from the conduct at issue here. The trial court did not err. *See Phillips*, 313 Or App at 7.

*Character evidence.* In his third assignment of error, defendant argues that the trial court erred in excluding certain testimony because it was permissible character evidence under OEC 404(2)(a) and OEC 405(1). Specifically, when defense counsel asked defendant's cousin if defendant was "not the type of individual that goes looking for trouble," the prosecutor objected and the trial court sustained the objection.

We need not decide if the trial court erred in sustaining the objection because any error was harmless. *See State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) (explaining that an error is harmless when there is "little likelihood that the error affected the jury's verdict"). Here, the record demonstrates that defendant's cousin *was* permitted to testify—without objection—that defendant was "not an aggravated person," that he "stays to his self, works, comes home, [and] plays games," and that he did not socialize "at all." "We conclude that the [excluded] evidence was not 'different in nature' from the evidence that was admitted and, thus, its exclusion was unlikely to have affected the verdict." *State v. Klein*, 243 Or App 1, 15, 258 P3d 528 (2011), *aff'd*, 352 Or 302, 283 P3d 350 (2012). Because the error is harmless, we must affirm. *See Davis*, 336 Or at 32.

Affirmed.