484 January 14, 2026 No. 16

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SHAD VANDERLINDEN,
*Defendant-Appellant.*

Yamhill County Circuit Court
23CR48350; A183452

Cynthia L. Easterday, Judge.

Argued and submitted September 30, 2025.

Daniel C. Silberman, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Defendant appeals from a judgment of conviction for fourth-degree assault. On appeal, he raises two assignments of error. In his first assignment of error, defendant contends that the trial court erred when it arraigned him without counsel or waiver of counsel. In his second assignment of error, defendant contends that the trial court erred when it instructed the jury on the provocation limitation to self-defense. We conclude that the trial court erred in instructing the jury on the provocation limitation to self-defense, and accordingly, we reverse and remand for a new trial.[1]

Defendant contends that the trial court erred when it gave the jury instruction on the provocation limitation to self-defense, Uniform Criminal Jury Instruction (UCrJI) 1109. That instruction is based on ORS 161.215(1)(a) and provides that "[t]he defendant is not justified in using physical force on another person if he provoked the use of unlawful physical force by that other person with the intent to cause physical injury or death to the other person." *See also State v. Longoria*, 300 Or App 495, 498, 454 P3d 813 (2019), *rev'd on other grounds*, 366 Or 549, 466 P3d 60 (2020) ("[T]he provocation limitation on self-defense applies when a person provokes another person to use physical force so as to justify responding with physical force.").

The relevant facts are relatively few and undisputed. Defendant was on a road trip with B, transporting defendant's belongings in a U-Haul from Texas to Washington state. During the trip, B drove, defendant rode in the passenger seat, and the two argued about issues like which route the two should take. Eventually, B pulled the U-Haul over on a dead-end road, and defendant attempted to take the key out of the ignition. In response, B flailed and tried to get the key. Defendant got over the victim and hit him in the face several times. Defendant then gained control of the U-Haul and left B on the side of the road.

---

[1] Under the circumstances of this case, we conclude that granting defendant a new trial provides defendant with the most complete relief. We disagree with defendant's assertion that he would be entitled to a new arraignment on the facts of this case as he asserts in his first assignment of error.

At trial, defendant argued that he hit B in self-defense. The prosecutor asked the court to instruct the jury on the provocation limitation to self-defense, UCrJI 1109, arguing "provocation, the 1109, it's in this case based on [defendant] reaching for the keys first, I would consider that the provocation that resulted in any physical force that happened[.]" Defense counsel objected, arguing that there was no evidence that defendant had the requisite intent for the provocation instruction. The trial court overruled defendant's objection and gave the instruction to the jurors. In the state's closing argument, the prosecutor urged the jurors to consider the provocation instruction:

> "Regarding the self-defense claim, I would like you to read both the self-defense instruction when you go back and really focus on the words and also focus on the provocation instruction. This instruction is basic logic, you can't initiate an altercation and then claim self-defense. You can't cause an altercation and then say 'I'm the victim.' That doesn't work."

We review the trial court's decision to give the instruction for legal error and view the evidence in the light most favorable to the party that requested the instruction—here, the state. *State v. North*, 333 Or App 187, 190, 552 P3d 152 (2024), *rev den*, 373 Or 305 (2025). It is an error for a court to give an instruction that, although a correct statement of the law, is not supported by any evidence in the record. *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 348, 353 P3d 563 (2015). Because we conclude that there is no evidence in the record to support the instruction, we reverse.

With respect to the instruction at issue here, the provocation instruction is proper when the "asserted provocation [was] made with the intention of causing the victim to use physical force so that the defendant could, in turn, respond with physical force and then claim self-defense." *North*, 333 Or App at 190. Stated slightly differently, the instruction is appropriate when the evidence shows that the defendant "wanted a confrontation with the victim" so that the defendant could assault the victim under the guise of self-defense. *Id.*

As particularly relevant here, a statement by the defendant to the victim may support the inference that the defendant intended to entice the victim to use force to justify the defendant's own use of force. *See id.* (evidence supported the instruction where the victim said, "I'm not a fighter," and defendant displayed a gun and stated, "I'm not a fighter either, I'm a shooter," which permitted an inference that the "defendant wanted a confrontation with the victim"). However, evidence that a defendant stole something, without more, is insufficient to support the provocation instruction. *See Longoria*, 300 Or App at 499 (the trial court erred in giving the provocation instruction when there was no evidence that would allow a jury to find that the defendant's theft was done with the intent of provoking the owner to react physically so that the defendant could then injure or kill the owner).

We are not convinced that a reasonable factfinder could find, even when viewing the evidence in the light most favorable to the state, that defendant had the intent of provoking B to use physical force so that defendant could respond in kind. There is no evidence that defendant said or did anything to elicit a physical response from B so that he could respond under the guise of self-defense; instead, the evidence simply shows that defendant attempted to take the U-Haul key. The state points to the fact that B and defendant had been arguing, that defendant was angry about B's driving, and that defendant was afraid that B would take his belongings as supporting an inference that defendant's attempt to take the key was intended to prompt a physical confrontation with B. Without more, that evidence is insufficient to support delivery of the provocation instruction. *See id.* (accepting the state's concession that the defendant's theft of the victim's hat did not support giving the provocation instruction without additional evidence that the defendant stole the hat "with the intent of provoking the [victim] to physically assault [the defendant], so that he could then injure or kill" the victim).

Therefore, the trial court erred when it instructed the jury on the provocation limitation to self-defense.

When a trial court gives an erroneous instruction, we will reverse if the error "substantially affected a party's rights." *Id.* at 500; *see also State v. Bistrika*, 262 Or App 385, 406, 324 P3d 584, *rev den*, 356 Or 397 (2014) (We will reverse based on an instructional error only if we can "fairly say that the instruction probably created an erroneous impression of the law in the minds of the jurors which affected the outcome of the case." (Internal quotation marks and brackets omitted.)). To make that determination, we look at the instructions given and the contentions of the parties at trial. *Longoria*, 300 Or App at 500.

Whether an "unnecessarily complete" statement of the law of self-defense is harmless depends on the context in which it is given. *See State v. McClain*, 318 Or App 402, 403-04, 506 P3d 1155, *rev den*, 370 Or 212 (2022). *McClain* serves as a useful comparison to this case. There, the state argued that the defendant had punched the victim out of nowhere, and the defendant argued that the victim had acted aggressively toward the defendant, prompting the defendant to punch the victim in self-defense. *Id.* at 403. We concluded that, although the trial court's delivery of the provocation instruction was erroneous because no evidence supported it, the error was harmless. *Id.* We reasoned that it was not likely that the instruction affected the jury's rejection of the defendant's self-defense claim because (1) "[t]he instruction correctly stated the law[;]" (2) "there was no evidence presented that would tend to make the jury think that the instruction applied to the facts before it;" and (3) "the instruction played no role in either party's theory of the case, as presented to the jury in closing arguments, and the jury was not asked to apply the instruction or given any reason to think that it would apply absent a version of events involving provocation by [the] defendant." *Id.* at 403-04.

Here, as in *McClain*, the trial court gave the jury a legally correct statement on the provocation limitation. While the evidence did not support the limitation, it was, in isolation, unlikely to mislead the jury. However, this case differs from *McClain* in two important, and ultimately dispositive, ways. Here, the provocation instruction did play a role in the state's theory of this case. During closing argument,

the prosecutor explicitly told the jury to consider the provocation instruction and then gave an incorrect generalization of it: "This instruction is basic logic, you can't initiate an altercation and then claim self-defense."

Additionally, and unlike in *McClain*, the record contains evidence that would tend to make the jury think that the instruction applied. Both sides elicited evidence that defendant tried to take the key out of the U-Haul that B was driving. While not evidence of provocation for purposes of the limitation on self-defense, grabbing for the key was likely to be viewed by the jury as provocative in the colloquial sense. *See Longoria*, 300 Or App at 498 ("[T]he limitation does not apply when a person does something 'provocative' without that specific intent. For example, if A taunts B simply to be mean, and B then swings at A, who in turn punches B, one might say that B 'provoked' A in a colloquial sense, but the provocation limitation on self-defense described in ORS 161.215(1) would not apply."); *cf. McClain* (where neither side's version of events included a provocative use of force in any sense by the defendant, the error was harmless). Together, the jury instruction, the prosecutor's incorrect summary of it, and the evidence of defendant trying to take the key to the U-Haul likely created an erroneous impression of the law in the minds of the jurors that affected the outcome of the case by allowing them to deem defendant's self-defense claim inapplicable because he "provoked" the altercation in a colloquial, rather than legal, sense.

Therefore, the trial court's delivery of UCrJI 1109 was both erroneous and harmful.

Reversed and remanded.