## McManus *v.* O'Sullivan et al.

This court has no jurisdiction to re-examine the judgment of a State court where a Federal question was not in fact passed upon, and where a decision of it was rendered unnecessary in the view which the court below took of the case.

Error to the Supreme Court of the State of California.

Submitted by *Mr. Calhoun Benham* for plaintiff, and by *Mr. John M. Coghlan* and *Mr. William Irvine* for defendants.

Mr. Chief Justice Waite delivered the opinion of the court.

Terence B. McManus, under whom the plaintiff claims, entered into the possession of the premises in controversy in 1854, or thereabouts. He continued his possession until his death in 1861, at or about which time the defendants entered and held adversely to his estate until the commencement of this action in August, 1867.

When McManus entered, and during all the time he was in possession, the city of San Francisco was asserting title to the property, under a Mexican pueblo right, before the commissioners appointed under the act of Congress providing for the settlement of private land-claims in California, and before the courts upon appeal. A decree was rendered in favor of the city by the Circuit Court of the United States, May 18, 1865. From this decree an appeal was taken to this court; pending which an act was passed, March 8, 1866, entitled "An Act to quiet the title to certain lands within the corporate limits of the city of San Francisco." 14 Stat. 4. Upon the passage of this act, the appeal was dismissed.

McManus and his representatives do not pretend to connect themselves with the city title by any actual grant. The extent of their claim is, that their possession was evidence of their connection with the true title, which was at that time the city title. Neither do the defendants assert any claim under the true title. Their only defence is possession adverse to the estate of McManus, but admitted to be not adverse to the city. Against this the plaintiff insists, that, as the defendants did not claim adversely to all the world, their possession adverse to him could not defeat his right of action.

Thus it will be seen that two questions were properly presented to the Supreme Court of California for adjudication; to wit: —

1. Does possession necessarily connect itself with the true title, in the absence of proof to the contrary? and, —

2. Is possession, within the meaning of the statute of limitation in California, adverse to one who claims title, if it is not also adverse to all the world?

If these questions were decided against the plaintiff, no Federal question could be involved. The record, without the opinion of the court, shows that they were presented, and does not show that any Federal question was decided. Under such circumstances, it is proper, if it can be at any time, to look to the opinion of the court, which has been sent here with the record, to ascertain whether, in point of fact, the court necessarily passed by the intermediate questions, and actually did decide as to the effect of the pueblo right and the treaty, with the accompanying acts of Congress, upon the title of the plaintiff.

Looking to that, we find that the court decided that possession did not carry with it the presumption that the plaintiff held under the city title; and that, if the possession of the defendants was adverse to him, it was a bar to his right of action, even though it was not adverse to all the world. These are questions within the exclusive jurisdiction of the State courts, and not subject in any manner to our re-examination. Their decision against the plaintiff made it unnecessary to consider the proposed Federal question. Thus it is seen that the Federal question was, in fact, not decided; and that, in the view the court below took of the case, such a decision was not necessary. It is clear, therefore, that we have no jurisdiction of this case.

*Writ of error dismissed.*