99 U.S. 68
 25 L.Ed. 469
 LANGE
v.
BENEDICT.
 October Term, 1878
 
 MOTION to dismiss a writ of error to the Court of Appeals of the State of New York.
 This action was brought by Edward Lange in the Supreme Court of the State of New York, to recover damages for his alleged unlawful imprisonment by Charles L. Benedict, District Judge of the United States for the Eastern District of New York, who as such, by virtue of an act of Congress, held the Circuit Court of the United States for the Southern District of New York at the October Term thereof, 1873.
 At that term, so held by said Benedict, Lange was tried upon an indictment consisting of twelve counts; some of them charging him with having feloniously stolen certain mail-bags in use by the Post-Office Department; others with having, for lucre and gain, feloniously appropriated certain other such mail-bags; and others with having knowingly and unlawfully, for lucre and gain, conveyed away certain other such mail-bags, to the hindrance and detriment of the public service. The indictment was found under sect. 290 of the act of June 8, 1872 (17 Stat. 320), which provides that the prisoner, on conviction of the offence, if the value of the property be less than $25, shall be imprisoned not more than one year, or be fined not less than ten nor more than $200. The jury found Lange guilty, and the value of the property to be less than $25. The court during the term sentenced him, November 3, to be imprisoned for the term of one year and to pay a fine of $200. On the following day there was paid into the registry of the court $200, in full satisfaction of the fine imposed by the sentence; and on the 7th of that month the clerk of the court deposited it at the office of the Assistant Treasurer in New York City, to the credit of the Treasurer of the United States. On the same day a writ of habeas corpus was granted in favor of Lange, returnable the ensuing day; and during the same term of the court he was produced in obedience to the writ, whereupon, after hearing, the court, on November 8, vacated and set aside the sentence pronounced against him on the third day of that month, and, proceeding to pass judgment anew, resentenced him to be imprisoned for the term of one year.
 On the seventeenth day of December, an order for a rule returnable before said Circuit Court, to show cause why a writ of habeas corpus should not issue, was granted by Judge Woodruff. On the 24th of that month the rule was discharged. Thereupon a writ of habeas corpus was issued by Judge Blatchford, returnable December 29 before Judge Benedict. The latter, upon the return-day, ordered that the prisoner be remanded and the writ dismissed.
 On the 13th of January, 1874, writs of habeas corpus and certiorari were granted by this court, and it subsequently adjudged that the sentence pronounced on the 8th of November, 1873, under which Lange was then held a prisoner, had been pronounced without authority. It was thereupon ordered and directed that he be discharged.
 The imprisonment complained of was that suffered by Lange from the time of the second sentence until his discharge.
 To the complaint, which set up the foregoing matters, the defendant demurred, upon the ground that it appeared on its face that: 1. The court had no jurisdiction of the person of the defendant. 2. The court had no jurisdiction of the subject of the action. 3. The complaint did not state facts sufficient to constitute a cause of action.
 The demurrer was overruled at the special term of the Supreme Court, but the judgment was reversed at the general term. Lange appealed to the Court of Appeals, where the judgment at the general term was affirmed and the complaint dismissed. He thereupon sued out this writ of error.
 Mr. B. F. Tracy for the defendant in error, in support of the motion.
 I. It would be a work of supererogation to cite authorities in support of the settled doctrine, that, in order to give this court jurisdiction to re-examine the judgment of a State court, it must appear affirmatively from the record that a Federal question was necessarily involved in the determination of the matter in controversy. a. It is quite manifest that the Court of Appeals may have disposed of the whole case by holding that the act complained of was a judicial act, and, for that reason, entailed no liability upon the judge. b. That the court decided no Federal question is shown by its opinion incorporated in the record. This court, in some instances, looks to the opinion below, for the purpose of ascertaining whether, in point of fact, a Federal question was decided. McManus v. O'Sullivan, 91 U. S. 578. c. The Supreme Court, at general term, decided: 1. That the act complained of was lawful, because authorized by the decision of this court in Basset v. United States, 9 Wall. 38. 2. That, whether lawful or not, it was a judicial act, for which no liability was incurred. The Court of Appeals limited its action to determining the last question upon grounds of public policy and general law, without reference to any principle of Federal jurisprudence.
 II. Even if there had been drawn in question the validity of an authority exercised under the United States, or the defendant had claimed an immunity under a commission derived from such authority, the decision, to give this court jurisdiction, must have been against such authority or such immunity. Rev. Stat. 709.
 Mr. William H. Arnoux, contra.
 I. The judgment of this court in Ex parte Lange (18 Wall. 163) is in rem, and conclusive upon every one to the extent it was made. This action is based upon it precisely as a creditor's bill is based upon a preceding judgment.
 If full faith and credit are not given to that judgment, which means that, if whenever it comes in question complete effect is by construction withheld from it,—this court can review, and has jurisdiction.
 The imprisonment for which Lange seeks redress was under the second judgment, which this court declared to be void. It was without authority of law, and beyond the scope of the defendant's official power. It was, therefore, a trespass. A subordinate court, by declaring it to be a judicial act, has practically disregarded the decision of this court, and refused to acknowledge its binding effect.
 II. Any case that draws in question the power of a United States officer raises a Federal question.
 In regard to the jurisdiction of this court, it cannot be material whether the defendant had no judicial power whatever, or none to render the judgment which has been held void. In either case, it raises the question whether, so far as that act is concerned, he was not a judge, but a trespasser.
 This is properly a question for determination here, and cannot have a valid ultimate decision from any other tribunal.
 MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
 
 
 1
 In Ex parte Lange (18 Wall. 163) we decided that the present plaintiff in error must be discharged from imprisonment, because the sentence under which he was held was not authorized by law. In the present case, the Court of Appeals of New York held that even though such was the law the defendant in error is not liable in damages for the false imprisonment, because in pronouncing the judgment under which the imprisonment was had he acted as a judge, in his judicial capacity, and not so entirely in excess of his jurisdiction as to make it the arbitrary and unlawful act of a private person. This is not a Federal question, and it was the only question decided.
 
 
 2
 The writ must, therefore, be dismissed for want of jurisdiction; and it is
 
 
 3
 So ordered.