Submitted October 16, 2013, reversed and remanded September 10, 2014

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**TAMARA LEE CARLON,**
*Defendant-Appellant.*

Columbia County Circuit Court
111061; A149950

335 P3d 343

Peter Gartlan, Chief Defender, and Lindsey Burrows, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment convicting her of fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. Defendant asserts that the trial court erred when, in response to a question from the jury, it gave the jury instructions regarding criminal trespass and defense of premises. As explained below, we agree that the trial court erred and, accordingly, reverse and remand.

This case arose out of events that occurred on March 23, 2011, when defendant visited her sister (Crape). Defendant and her daughter, R, arrived at Crape's home in the evening, and defendant and Crape drank several alcoholic beverages and visited while defendant did laundry. At some point during the evening, R went to sleep in one of the bedrooms of the house.

At approximately 12:30 a.m., defendant informed Crape that she was ready to leave and Crape, who believed that defendant was intoxicated, asked defendant not to take R with her. Defendant nonetheless proceeded to the room where R was sleeping and woke her. R told defendant that she did not want to leave, and defendant responded by raising her voice and swearing at R. Crape then pulled defendant into the hallway of the home. Defendant and Crape struggled with each other and, at some point, defendant hit Crape in the face with her keys. R watched the two sisters struggle and eventually intervened when she saw that Crape's face was bleeding. Defendant was ultimately arrested and charged with fourth-degree assault and harassment. A breath test conducted at 4:14 a.m. at the police station indicated that defendant's blood alcohol content was 0.0 percent.

At trial, defendant asserted that she had acted in self-defense.[1] She testified that, while she was in the bedroom with R, Crape had grabbed her arm and shoved her down the hallway. Defendant testified that she refused to

---

[1] ORS 161.209 provides:

"Except [in circumstances not at issue in this case], a person is justified in using physical force upon another person for self-defense or to defend a third person from what the person reasonably believes to be the use or imminent use of unlawful physical force, and the person may use a degree of force which the person reasonably believes to be necessary for the purpose."

leave the house without R, and that Crape insisted that defendant do so and followed up by grabbing and twisting defendant's hair and pulling her down. According to defendant, she then swung upward toward Crape and struck her without realizing that the keys were in her hand.

The court instructed the jury on self-defense as follows:

"The defense of self-defense has been raised. A person is justified in using physical force upon another to defend herself from what she reasonably believes to be the use, or imminent use, of unlawful physical force. In defending, a person may only use that degree of force which she reasonably believes to be necessary. The burden of proof is on the state to prove beyond a reasonable doubt [that] this defense does not apply."

During its deliberation, the jury sent out a question to the court:

"On count 2 in the charge of harassment, the use of the phrase in case number four, '[Defendant] intended to harass or annoy *** Crape.' Was [Crape] in her right to use lawful physical force to escort [defendant] out of the premises?"

The state asked that the court, in response to the jury's question, instruct the jury on criminal trespass and defense of premises and, over defendant's objection, the court gave those additional instructions. In particular, the court instructed the jury that

"[a] person in lawful possession or control of premises is justified in using physical force on a person who she reasonably believes to be committing or attempting to commit a criminal trespass in or on the premises. However, she may do so only when she reasonably believes it to be necessary to prevent or terminate the trespass and she may only use the amount of physical force that she reasonably believes is necessary to prevent or terminate the trespass.

"Criminal trespass is defined below:

"[Defendant] enters or remains unlawfully in a dwelling."

The jury ultimately found defendant guilty of harassment and fourth-degree assault.

On appeal of the resulting judgment of conviction, defendant asserts that the court's instruction in response to the question was erroneous.[2] Specifically, citing *State v. Oliphant*, 347 Or 175, 218 P3d 1281 (2009), defendant contends that the court erred because "the court's clarifying instruction informed the jury that the victim's use of force was lawful if the victim reasonably believed defendant was committing a trespass" but that "whether the victim believed her use of force was lawful was irrelevant"; rather, the "only consideration for the jury was whether *defendant* believed the victim's use of force was unlawful." (Emphasis in original.) In other words, defendant asserts that the instruction impermissibly inserted an irrelevant issue into the jury's deliberations with respect to her claim of self-defense. In addition, defendant contends that the trial court could only instruct the jury "as to crimes charged in the charging instrument and lesser-included offenses" and, although defendant was not charged with criminal trespass, the court instructed the jury as to the elements of that offense.

The state first responds that, in light of ORCP 59 H(1), because defendant failed to except to the court's instruction after it was given, appellate review is unavailable.[3] However, after the state submitted its brief, the Oregon Supreme Court issued its opinion in *State v. Vanornum*, 354 Or 614, 317 P3d 889 (2013). In that case, the court held that ORCP 59 H "was not intended to govern preservation of instructional error for purposes of appellate court review or to preclude appellate courts from reaching plain errors." *Id.* at 628.[4] In other words, ORCP 59 H does not make a party's claim of instructional error unreviewable on appeal, nor

---

[2] Defendant also asserts that the court abused its discretion by responding to the jury question without clarification because the jury question "was unclear and did not warrant a response." Because, as explained, we conclude that the court erred in instructing the jury on defense of premises and criminal trespass in response to the jury question, we need not address the question whether the court abused its discretion in responding to the question at all.

[3] ORCP 59 H(1) provides, in part:

"A party may not obtain review on appeal of an asserted error by a trial court *** in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury."

[4] Indeed, ORCP 59 H(1) was amended in 2014 to specifically provide that the "requirements of this rule do not preclude an appellate court from reviewing

does ORCP 59 H "set the standard by which the appellate courts will determine if a claim of instructional error is preserved. Instead, preservation must be determined by this court's preservation jurisprudence." *Id.* at 631. The state nonetheless argues that we should not review defendant's contention that the trial court's instruction inserted an irrelevant issue into the jury's deliberations concerning her claim of self-defense because defendant failed to preserve that argument before the trial court. We are unpersuaded by the state's contention regarding preservation.

We ordinarily will not consider an issue on appeal unless it was first presented to the trial court. ORAP 5.45(1). The question whether a "particular issue was preserved for appeal is a 'practical one'; it will depend on whether the policies behind the preservation requirement—judicial efficiency, full development of the record, and procedural fairness to the parties and the trial court—are met in an individual case." *Charles v. Palomo*, 347 Or 695, 700, 227 P3d 737 (2010) (quoting *State v. Parkins*, 346 Or 333, 340-41, 211 P3d 262 (2009)). Thus, we will review an issue raised by a party on appeal if the party "raised the issue below with enough particularity to assure that the trial court was able to 'identify its alleged error' so as to 'consider and correct the error immediately, if correction is warranted.'" *Id.* (quoting *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)). The Supreme Court has "drawn attention to the distinctions between raising an *issue* at trial, identifying a *source* for a claimed position, and making a particular *argument*. The first ordinarily is essential, the second less so, the third least." *State v. Hitz*, 307 Or 183, 188, 766 P2d 373 (1988) (citation omitted; emphases in original). However, "whatever the abstract content of 'issue,' 'argument,' or 'authority,' the appealing party's statements before the trial court must have alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal." *State v. Taylor*, 198 Or App 460, 469, 108 P3d 682, *rev den*, 339 Or 66 (2005).

Here, as noted, in response to the jury question, the state asserted that the court should instruct the jury

---

asserted errors in jury * * * instructions for legal errors that are apparent on the record."

on defense of premises because they needed to know "what that defense is regarding * * * Crape's use of force against the defendant." According to the prosecutor, the jury also needed "to know what a criminal trespass is because if you just give the defense of premises without letting them know what a trespass is, then they're still going to be asking for definitions[.]" Defendant, on the other hand, argued that those instructions should not be given, first, because there was no need to respond to the jury question at all and, second, because the particular instructions requested by the state were improper. As relevant here, defendant asserted that "this is not a criminal trespass case and although the instruction proposed by counsel reads in conclusion * * * the defense of defense of premises has been raised, that obviously is not an accurate description of the events in this case[.]" Defendant asserted that the instructions proposed were "inapt" and pointed out that "the issue raised by the jury is not a legal issue presented in this case." Defendant also noted that,

> "if the court rules that the court will answer [the jury question] and the court makes some sort of answer directed towards the notion of criminal trespass or related topics, then I believe that the court is drawing the jury's attention to that particular aspect of the case * * * at the expense of * * * all the instructions."

The court then announced that it intended to "try to assist the jury with coming to a conclusion by using the Uniform Jury Instructions, specifically defense of premises and the definition of criminal trespass." It read the text it intended to provide to the jury and then noted defendant's objection: "For the record, [defense counsel], you are objecting?" Defendant responded by confirming her objection to those instructions being given to the jury.

In our view, defendant's arguments to the trial court were sufficient to preserve the issue she seeks to raise on appeal. As set forth above, defendant clearly objected to the trial court giving an instruction regarding criminal trespass and defense of premises. And she particularly asserted that the instruction was erroneous because this was not a criminal trespass case or a case where defense

of premises was raised and an instruction on those issues was, therefore, inappropriate. She also noted that the jury's question related to an issue that was not the legal issue in the case. Those arguments put before the trial court the question whether the proposed instruction inserted irrelevant issues into the case with sufficient particularity to allow the trial court to identify the error she now asserts and remedy that error had the trial court believed correction was warranted.

With respect to the substance of defendant's contention that the trial court erroneously instructed the jury on an irrelevant issue and, therefore, erred, as noted, defendant "relies primarily on the Supreme Court's decision in *** *Oliphant*." In that case, the defendant was charged with, among other things, resisting arrest. He asserted that he had acted in self-defense. Over the defendant's objection, the trial court instructed the jury that "[a] peace officer may use physical force on a person being arrested only when, and to the extent, that the officer reasonably believes it necessary to make an arrest." 347 Or at 187 (emphasis omitted). The Supreme Court concluded that the trial court's instruction was erroneous given the text of ORS 161.209. In particular, the court explained that "the plain wording of the statute *** establishes that, in general, a person's right to use force in self-defense depends on the person's *own* reasonable belief in the necessity for such action, and *not on whether the force used or about to be used on him actually was unlawful.*" *Id.* at 191 (first emphasis in original; second emphasis added). According to the court, the self-defense statute "makes the *defendant's reasonable belief* that unlawful force was being used (or about to be used) against him paramount." *Id.* at 194 (emphasis in original). Thus, the court concluded that it was improper for the trial court to give an instruction that described another person's right to use force. Such an instruction "inserted an irrelevant issue—the arresting officer's actual state of mind—into the jury's deliberations concerning [the defendant's claim] of self-defense[,]" where the defendant was, instead, "entitled to have his right to self-defense explained to the jury in terms of what a reasonable person in his position would have believed was occurring." *Id.*

Here, as in *Oliphant*, the court's instruction was erroneous. The jury's question, apparently, related to the issue of whether the force Crape was using against defendant was actually unlawful; that is, the jury's question asked whether Crape was "in her right" to use force against defendant. However, as discussed in *Oliphant*, defendant's claim of self-defense did *not* depend on whether the force Crape was using or about to use on her was *actually* lawful. It depended, instead, on defendant's reasonable belief that her actions were necessary. And, as in *Oliphant*, the court's instructions regarding defense of premises (which could only have related to *Crape's* right to use force) and criminal trespass (an offense not at issue in this case) inserted irrelevant issues into the jury's deliberations regarding defendant's claim of self-defense. Defendant was entitled to have the jury consider what a reasonable person in *her* position—not Crape's position—would have reasonably believed to be necessary under the circumstances.[5]

Furthermore, we agree with defendant that the trial court's erroneous instruction was prejudicial. The jury question clearly demonstrates that the jury was focused on an irrelevant issue, that is, Crape's state of mind and whether Crape could lawfully use force against defendant. An instruction to the jury that expanded upon those issues necessarily further focused the jury on that irrelevant issue and detracted from the jury's consideration of defendant's state of mind. As explained in *Oliphant*, defendant had the "right to have the jury consider the circumstances surrounding the event from [her] own point of view," 347 Or at 194, and the court's instruction to the jury under the circumstances presented here caused a substantial risk of jury

---

[5] We note that the state emphasizes that, in *Oliphant*, the instructions considered by the Supreme Court included a longer discussion of the irrelevant issue—the officer's state of mind—than the circumstances here where the trial court "essentially [referred to the victim's state of mind] just once when responding to the jury's question." However, in *Vanornum*, 354 Or at 630, the Supreme Court concluded that it was "beyond reasonable dispute" that it was error to give an instruction regarding an officer's state of mind in a case where the defendant had raised the issue of self-defense. In that case, where the state similarly argued that *Oliphant* was distinguishable because it involved a number of additional instructions regarding the officers' use of force, the court observed that "[t]he other instructions given in *Oliphant* * * * played *no part* in our assessment" of the challenged instruction. *Id.* (emphasis added); *see also State v. Poitra*, 261 Or App 818, 822, 323 P3d 563 (2014) (rejecting the same argument based on *Vanornum*).

confusion. As noted by defendant, the erroneous instruction "went to the heart of defendant's self-defense theory." Thus, we conclude that the court's error in instructing the jury was harmful and the case must be reversed and remanded.

Reversed and remanded.