Submitted May 1, reversed and remanded June 17, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANTHONY RAY BRADFORD,
*Defendant-Appellant.*

Multnomah County Circuit Court
131154171; A156606

352 P3d 1278

Peter Gartlan, Chief Defender, and Anna Melichar, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for fourth-degree assault, ORS 163.160, and harassment, ORS 166.065. Defendant assigns error to the trial court's instruction to the jury that the victim's use of force against defendant was lawful if the victim reasonably believed that defendant was committing a criminal trespass (a defense of premises instruction). At trial, defendant raised a self-defense theory and the trial court instructed the jury accordingly. In his view, giving a defense of premises instruction was error because *State v. Oliphant*, 347 Or 175, 194, 218 P3d 1281 (2009), and *State v. Carlon*, 265 Or App 390, 397, 335 P3d 343 (2014), together hold that instructing the jury to consider the lawfulness of the victim's use of force in defense of premises inserts irrelevant issues into the jury's deliberations regarding a defendant's self-defense claim. That is, the defense of premises instruction impermissibly shifted the jury's consideration of defendant's perspective (whether *defendant* reasonably believed that the victim unlawfully used force against him) to the victim's perspective (whether the *victim* reasonably believed that he lawfully used force). *See Oliphant*, 347 Or at 194 (the defendant "had a right to have the jury consider the circumstances surrounding the event from his own point of view").

The state agrees that *Oliphant* and *Carlon* are dispositive here and concedes that the trial court erroneously instructed the jury on defense of premises. We accept the state's concession and conclude that the instructional error is not harmless. Accordingly, we reverse the court's judgment and remand for further proceedings.

Reversed and remanded.