Argued and submitted December 6, 2018, reversed and remanded July 8, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WILLIAM MARTIN SAVAGE,
*Defendant-Appellant.*

Washington County Circuit Court
C132332CR; A163866

470 P3d 387

Defendant appeals from a judgment of conviction for theft, raising two assignments of error and two supplemental assignments of error. The state concedes to defendant's second supplemental assignment of error, that under *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), defendant's conviction by a nonunanimous jury verdict violated the Sixth Amendment, which obviates the need to address defendant's other assignments of error. Defendant requests, however, that the Court of Appeals nevertheless address his first assignment of error, that at his first retrial for his theft charge, the trial court erroneously admitted evidence related to his burglary charge, of which he was acquitted. Although defendant raised an evidentiary exclusion argument at his first retrial, primarily related to prior bad acts, defendant now makes an unrelated constitutional argument on appeal that double jeopardy principles prevent the state from relying on facts, and evidence, related to a previous acquittal. *Held*: Defendant's first assignment of error was rejected on preservation grounds; thus, the Court of Appeals did not address the merits of that argument. Defendant's conviction was nevertheless reversed, based on a nonunanimous verdict, obviating the need to address defendant's other assignments of error.

Reversed and remanded.

Theodore E. Sims, Judge.

Morgen E. Daniels, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Rolf Moan, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before DeHoog, Presiding Judge, and James, Judge, and Aoyagi, Judge.*

_____

* James, J., *vice* Hadlock, J. pro tempore.

JAMES, J.

Reversed and remanded.

**JAMES, J.**

In 2014 defendant was tried for a residential break-in where property was stolen. The jury acquitted him of burglary and robbery but convicted him of aggravated first-degree theft. Defendant appealed the theft conviction and prevailed. Before retrial in 2016 for theft, defendant moved, *in limine*, to exclude evidence related to, and suggestive of, the 2014 burglary and robbery charges against defendant in proving the theft count, arguing that its introduction violated the Oregon Evidence Code (OEC) in multiple respects, primarily that such evidence constituted impermissible prior bad acts. The court excluded the robbery evidence but allowed the burglary evidence, and defendant was ultimately convicted of aggravated first-degree theft.

Defendant appeals from the most recent judgment of conviction, raising two assignments of error and two supplemental assignments of error. In defendant's second supplemental assignment of error, he challenges his conviction by less than a unanimous verdict and that the court accepted the jury's 10 to 2 guilty verdict. In *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), the Court concluded that nonunanimous jury verdicts violated the Sixth Amendment. In *State v. Ulery*, 366 Or 500, 504, ___ P3d ___ (2020), the Oregon Supreme Court concluded that a trial court's acceptance of a nonunanimous verdict constituted plain error and, in light of the gravity of the error, exercised discretion to correct that error, considering that failure to raise the issue in the trial court did not weigh heavily against correction, as the trial court would not have been able to correct the error under controlling law.

The state concedes that the trial court's acceptance of a nonunanimous verdict in this case constitutes plain error. For the reasons set forth in *Ulery*, we exercise our discretion to correct the error in this case. That disposition obviates our need to address defendant's first supplemental assignment of error or his second assignment of error, raised in the opening brief.

However, defendant has filed a memorandum of additional authorities requesting that, despite the state's concession, we address his first assignment of error because

the legal issue is likely to arise on remand. Ordinarily, we will consider issues likely to arise on remand when the trial court or agency has determined a question of law that will still be at issue after the case is remanded. *See, e.g.*, *Westwood Construction Co. v. Hallmark Inns*, 182 Or App 624, 50 P3d 238, *rev den*, 335 Or 42 (2002) (addressing ruling concerning the availability of certain type of attorney fees under ORS 87.060 as likely to arise on remand). Defendant's first assignment of error might, arguably, fall under that ambit. Notwithstanding that possibility, however, we do not reach the merits of defendant's first assignment of error because, as we explain below, we conclude that it is unpreserved.

In defendant's first assignment of error he challenges the trial court's denial of his motion *in limine*, advancing on appeal a constitutional double jeopardy argument concerning issue preclusion—specifically, that double jeopardy principles prevent the state from relying on facts, and evidence, related to a previous acquittal, relying primarily on *Ashe v. Swenson*, 397 US 436, 90 S Ct 1189, 25 L Ed 469 (1970), and Oregon cases that have adopted *Ashe*'s reasoning.

The state does not dispute preservation in its briefing in this case. Nevertheless, we have an "independent obligation to determine whether an argument advanced on appeal was preserved at trial." *Vokoun v. City of Lake Oswego*, 189 Or App 499, 508, 76 P3d 677 (2003), *rev den*, 336 Or 406 (2004) (citing *State v. Wyatt*, 331 Or 335, 344-46, 15 P3d 22 (2000)).

In *Ashe*, the case principally relied upon by defendant on appeal, the United States Supreme Court held that double jeopardy also encompassed certain principles of issue preclusion. 397 US at 436. *Ashe* was first applied in Oregon in *State v. Mozorosky*, 277 Or 493, 561 P2d 588 (1977). There, the Oregon Supreme Court emphasized the analytical framework set forth in *Ashe*:

"Where a previous judgment of acquittal was based upon a general verdict, as is usually the case, this approach requires a court to 'examine the record of a prior proceeding, taking into account the pleadings, evidence, charge, and other relevant matter, and conclude whether a rational

jury could have grounded its verdict upon an issue other than that which the defendant seeks to foreclose from consideration.' The inquiry 'must be set in a practical frame and viewed with an eye to all the circumstances of the proceedings.'"

*Id.* at 498 (quoting *Ashe*, 397 US at 444) (internal citations omitted).

For purposes of assessing preservation then, we must ask whether the trial court here was ever asked to undertake the record review contemplated by *Ashe*, or asked to assess the prior trial record to determine if "it would have been irrational" for the jury in the first trial to acquit without finding in favor of defendant on a fact essential to a conviction in the new trial. *Currier v. Virginia*, ___ US ___, 138 S Ct 2144, 2150, 201 L Ed 2d 650 (2018) (discussing the *Ashe* inquiry). We conclude that it was not.

Upon review of the trial record here, it is apparent that before the trial court, defendant was making an evidentiary exclusion argument, not an argument seeking suppression of evidence based on a constitutional right.[1] That is further reinforced when we view that argument in the context of defendant's written motion *in limine*. Nowhere in that motion does defendant cite the federal or state constitutions, *Ashe*, or any Oregon case adopting *Ashe*, or otherwise advance any argument that constitutional double jeopardy principles prohibit the admission of certain evidence.

While defendant did, in one sentence in oral argument before the trial court, reference double jeopardy, he did not orally inform the court or opposing counsel of *Ashe*, *Ashe*'s requirement for a record review, *Ashe*'s analytical test, or how double jeopardy would change the analysis in any way from the OEC prior bad acts cases upon which he relied. Accordingly, we reject defendant's first assignment of error on preservation grounds. We reverse defendant's conviction based on a nonunanimous verdict.

Reversed and remanded.

---

[1] At least one court has indicated that issue preclusion arguments based in double jeopardy might be properly categorized as a motion to suppress. *See, e.g.*, *United States v. Mock*, 604 F2d 336, 338 (5th Cir 1979).