Submitted June 4, reversed and remanded July 8, 2021

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JEREMY JAMES LARSON,
*Defendant-Appellant.*

Washington County Circuit Court
19CR29132; A172911

490 P3d 189

Andrew Erwin, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Brett J. Allin, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joseph Callahan, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Defendant appeals his convictions for fourth-degree assault, ORS 163.160, and unlawful use of mace, ORS 163.212, arguing that the trial court gave an erroneous jury instruction. The case concerned a fight between a homeowner and defendant, who had been picking through the homeowner's trash. At trial, defendant raised a self-defense theory, and the trial court instructed the jury on self-defense. The trial court also gave, at the state's request, a jury instruction to the effect that a property owner is justified in using physical force to the extent that the property owner reasonably believes it necessary to prevent or terminate the commission of a theft. As the state now concedes, that instruction was erroneous. *See State v. Oliphant*, 347 Or 175, 194, 218 P3d 1281 (2009) (in resisting arrest case raising self-defense, court erred in instructing jury on circumstances in which police may use physical force on arrestee, because "a person's right to use force in self-defense depends on the person's own reasonable belief in the necessity for such action, and not on whether the force used or about to be used on him actually was unlawful"); *State v. Carlon*, 265 Or App 390, 396-97, 335 P3d 343 (2014) (in assault case raising self-defense, court erred in instructing jury about circumstances in which victim had right to use physical force in defending premises).

The state agrees that *Oliphant* and *Carlon* are dispositive here and concedes that the trial court erroneously instructed the jury on defense of premises. We agree, accept the state's concession, and conclude that the instructional error is not harmless.

Reversed and remanded.