278 April 24, 2024 No. 274

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL DUANE FRANCE,
*Defendant-Appellant.*

Linn County Circuit Court
20CR55647; A177313

Rachel Kittson-MaQatish, Judge.

Submitted October 3, 2023.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Meredith Allen, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Reversed and remanded.

**PAGÁN, J.**

On appeal from a judgment of conviction for first-degree burglary under ORS 164.225 and fourth-degree assault under ORS 163.160, defendant assigns error to two jury instructions pertaining to his self-defense claim. He first assigns error to the trial court giving a jury instruction on defense of premises, regarding the alleged victim's actions, when defendant was claiming self-defense against someone who used force against him. Next, he assigns error to the trial court's jury instruction on provocation limiting his claim of self-defense. We reverse on the first assignment and affirm on the second, but we discuss both assignments below.

Turning to defendant's first assignment of error, we review the trial court's jury instructions for legal error. *State v. Sparks*, 267 Or App 181, 195, 340 P3d 688 (2014). Defendant argues that the trial court's decision to provide the instruction on the defense of premises was improper because it interfered with his self-defense claim. We agree that such an instruction "impermissibly shifted the jury's consideration of defendant's perspective * * * to the [alleged] victim's perspective." *State v. Bradford*, 271 Or App 851, 852, 352 P3d 1278 (2015) (extending *State v. Oliphant*, 347 Or 175, 218 P3d 1281 (2009), to hold that a defense of premises instruction pertaining to a victim's use of force is improper when the defendant is asserting a self-defense claim). The trial court erred in giving the jury instruction on defense of premises in this context. *Id*; *see also State v. Carlon*, 265 Or App 390, 397, 335 P3d 343 (2014) (holding that a defense of premises jury instruction is erroneous when it inserts irrelevant issues into the jury's deliberations regarding the defendant's claim of self-defense). We now must determine whether the error was harmless.

We agree with defendant that the trial court's instructional error was not harmless. Considering the instructions as a whole and in the context of the record at trial, *State v. Owen*, 369 Or 288, 290, 505 P3d 953 (2022), the error was prejudicial because it "probably created an erroneous impression of the law in the minds of the jury members," and "that erroneous impression may have affected the

outcome of the case." *State v. McKinney*, 369 Or 325, 335, 505 P3d 946 (2022) (internal quotation marks omitted). The parties disputed the facts that would have made defendant's self-defense claim viable,[1] and a jury instruction that high-lighted the alleged victim's state of mind "further focused the jury on that irrelevant issue and detracted from the jury's consideration of defendant's state of mind." *Carlon*, 265 Or App at 397. As established in *Oliphant*, defendant had the "right to have the jury consider the circumstances surrounding the evidence from his own point of view." 347 Or at 194. Thus, we conclude that the trial court's erroneous jury instruction on defense of premises was not harmless.

We discuss the second assignment because it will likely arise on remand and conclude that the trial court did not err in giving the instruction on provocation. *See State v. Savage*, 305 Or App 339, 342, 470 P3d 387 (2020) ("Ordinarily, we will consider issues likely to arise on remand when the trial court * * * has determined a question of law that will still be at issue after the case is remanded".). Defendant argues that the court erred when it "g[ave] an instruction that correctly state[d] the law but there [was] no evidence in the record to support giving the instruction." *State v. Longoria*, 300 Or App 495, 498, 454 P3d 813 (2019), *rev'd on other grounds*, 366 Or 549, 466 P3d 60 (2020). The state responds that a reasonable fact finder could conclude that defendant's previous text messages and Facebook posts could be construed as threatening,[2] and thus, could convey his intent to induce violence as a way to use force against his stepfather. We agree with the state that because evidence was presented at trial from which a reasonable fact finder could conclude that defendant provoked the use of force, the trial court did not err in giving the instruction limiting defendant's self-defense claim. *See id.* at 499 (explaining

---

[1] No one but defendant and the alleged victim witnessed the short window of time when defendant first entered the home. During that time, defendant claimed that the alleged victim was already reaching into the drawer that housed a gun, and he punched him in self-defense. Alternatively, the state argued that defendant came in the house and punched the alleged victim before he grabbed the gun.

[2] Defendant had sent messages to his stepfather, stating things like: "there is no help for you when my boys come for u until further notice," and "there's a tear for your eye." Defendant's Facebook post mentioned his stepfather by name, stating "you don't know how to handle your business so well there we have it."

that a provocation instruction is proper when evidence was presented at trial that would allow a jury to find that the defendant intended to provoke someone into using physical force so that the defendant could use physical force against them).

Because the trial court's jury instructions contained an erroneous instruction that was not harmless, we reverse defendant's convictions and remand for a new trial.

Reversed and remanded.